**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA (Alexandria Division)**

| | | |
|---|---|---|
| **TIARA BROOKS,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 1:26-cv-348** |
| **NATIONAL RAILROAD PASSENGER CORPORATION (Amtrak),** | ) | |
| **and** | ) | |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** | ) | |
| **Defendant.** | ) | |

# FIRST AMENDED COMPLAINT

## JURISDICTION AND VENUE

1. Plaintiff Tiara Brooks's claim against Defendants National Railroad Passenger Corporation (d/b/a Amtrak) and Life Insurance Company of North America (LINA) is filed pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et. seq.* (herein "ERISA").

2. Brooks seeks an Order that clarifies a plan beneficiary's rights to past and future benefits under the terms of an employee welfare plan. Specifically, she seeks: (a) a declaration and enforcement of rights under the long-term disability insurance policy at issue and/or the employee benefit plan (which is an "employee welfare benefit plan" as defined by ERISA), (b) an instatement of benefits, (c) the payment of all back benefits due with pre-judgment and post-judgment interest, (d) the enforcement of rights under the long-term disability insurance policy and/or the employee benefits plan, and (e) the clarification of rights to future benefits under the

long-term disability insurance policy and/or the employee benefits plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and (a)(3), and (f) an award of attorney's fees and costs.

3. Venue and jurisdiction are proper.

**PARTIES**

4. Plaintiff **Tiara Brooks** is a former employee of **National Railroad Passenger Corporation** (“**Amtrak**”). While employed there, and while covered by the Welfare Benefits Plan for employees of Amtrak, Plaintiff became disabled as that term is defined by The Plan.

5. The National Railroad Passenger Corporation Welfare Benefits Plan (“The Plan”) is an employee welfare benefit plan established under ERISA.

6. National Railroad Passenger Corporation is the Plan Administrator of the Plan.

7. The Plan Administrator is responsible for administering the Plan in accordance with ERISA.

8. **Life Insurance Company of North America (“LINA”)** was contracted by the Plan Administrator to act as fiduciary under the Plan as Claims Review Administrator.

**THE EMPLOYEE WELFARE BENEFIT PLAN**

9. At all times relevant Brooks was employed by Amtrak and was a plan participant in the Plan established by Amtrak under ERISA.

10. The Plan Administrator has delegated disability claims administration to the Claims Review Administrator.

11. Amtrak delegated claims administration to LINA, which acted as Amtrak’s agent in administering and evaluating Brooks’ claim for disability benefits.

12. The Employer, the Plan Administrator and LINA are fiduciaries pursuant to ERISA and/or “deemed fiduciaries” pursuant to ERISA.

13. The Claims Review Administrator is responsible for conducting any ERISA mandated claim evaluation and final review rests with LINA and with no other entity.

14. The Claims Review Administrator, upon information and belief, has made all decisions regarding Plaintiff's claim for disability benefits in this case.

15. Upon information and belief, LINA is responsible, in whole or in part, for adjudicating and paying claims under the Plan.

**HISTORY OF THE CLAIM**

16. Brooks worked for Amtrak until she became disabled.

17. At all times relevant Brooks has met the Plan's definition of disability.

18. The Plan provides for lost income benefits.

19. Brooks timely gave notice of disability and applied for long-term disability benefits under the Plan.

20. Claims Review Administrator issued an "Adverse Benefit Decision" on Plaintiff's claim for disability benefits under the Plan, denying benefits.

21. Brooks timely filed an appeal of the adverse benefit decision.

22. LINA affirmed its denial of Brooks' disability benefits by way of a letter dated December 9, 2025.

23. Brooks has exhausted the administrative remedies of the Plan.

24. LINA and Amtrak have violated the plain language of the Plan; 29 U.S.C. § 1133 (Claims procedure); and 29 U.S.C. § 1104 (fiduciary duties).

25. Brooks is entitled to long-term disability benefits under the Plan, including past-due benefits; future benefits; pre-judgment interest; post-judgment interest and attorney's fees pursuant to ERISA.

26. Brooks is entitled to these benefits because the benefits are permitted under the plan; Brooks has satisfied all conditions precedent to be eligible to receive the benefits and she has not waived or otherwise relinquished the entitlement to the benefits.

27. Brooks' claim seeks recovery of all benefits to which she is entitled under the terms of the Plan, including but not limited to long-term disability income benefits and any ancillary, supplemental, or related benefits available to disabled participants under the Plan. Because Defendant Amtrak has failed to produce the governing Plan documents, Brooks cannot presently identify all such benefits with specificity and reserves the right to seek recovery and clarification of any additional benefits revealed through production of the Plan documents.

**COUNT I – CLAIM FOR BENEFITS OWED AGAINST DEFENDANT LINA**

28. Brooks incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. Brooks is entitled to long-term disability benefits under the terms of the Plan.

30. Brooks satisfied all conditions precedent for entitlement to benefits, timely submitted a claim for long-term disability benefits, and exhausted all required administrative remedies.

31. LINA denied Brooks' claim for benefits despite evidence establishing that she met the Plan's definition of disability.

32. LINA's denial of benefits violated the terms of the Plan and ERISA, including 29 U.S.C. § 1132(a)(1)(B), § 1133 and 29 C.F.R. § 2560.503-1.

33. As a result of LINA's wrongful denial, Brooks has been deprived of past-due and ongoing long-term disability benefits.

34. Brooks seeks recovery of all benefits due under the Plan, instatement of monthly long-term disability benefits, and clarification of her right to future benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

35. Brooks further seeks pre-judgment and post-judgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 1132(g).

**COUNT II – STATUTORY PENALTIES FOR FAILURE TO SUPPLY PLAN DOCUMENTS AGAINST DEFENDANT AMTRAK**

36. Brooks incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

37. On December 12, 2025, Brooks – through counsel – submitted a written request to Defendant National Railroad Passenger Corporation ("Amtrak"), the Plan Administrator, for copies of all governing Plan documents.

38. The Plan Administrator received Plaintiff's request on December 15, 2025.

39. Pursuant to 29 U.S.C. § 1024(b)(4) and § 1132(c)(1), Amtrak was required to furnish the requested Plan documents within thirty (30) days of receipt (on or before January 14, 2026).

40. Amtrak failed to provide any Plan documents within the statutory deadline.

41. After receiving no response, Plaintiff—through counsel—submitted a second written request for the same Plan documents on February 2, 2026.

42. To date, Amtrak has failed and refused to provide the requested Plan documents.

43. Amtrak's failure to furnish the requested documents was knowing, ongoing, and without justification.

44. Amtrak's failure to produce the Plan documents has prejudiced Brooks' ability to understand and enforce her rights under the Plan.

45. As a result, Brooks is entitled to statutory penalties of up to $110 per day for each day Amtrak has failed to comply, beginning thirty (30) days after receipt of the initial request and continuing until the requested documents are produced, pursuant to 29 U.S.C. § 1132(c)(1).

**RELIEF SOUGHT**

Brooks requests that this Court enter an Order declaring the following:

1. Enforcing Brooks' right to all benefits available under the Plan, including any ancillary or supplemental benefits applicable to disabled participants, and clarifying her entitlement to such benefits once the governing Plan documents are produced.

2. No deference be granted to LINA's benefit determination, or in the alternative, that the denial be found unreasonable under any applicable standard of review.

3. That Brooks is entitled to long-term disability benefits under the Plan.

4. That Brooks is entitled to payment of past-due long-term disability benefits and instatement to monthly benefits under The Plan.

5. That Brooks is entitled to payment of pre- and post-judgment interest.

6. That Brooks is entitled to payment of attorney's fees and costs.

7. That Brooks is entitled to statutory penalties from Amtrak's failure to provide Plan documents.

Respectfully submitted,

*Tiara Brooks*
By Counsel

/s/
Damon R. Miller | VSB #98308
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone
703-783-0686 fax
dmiller@BenGlassLaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I have, on March 20, 2026, filed a copy of the foregoing document electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Plaintiff will also provide Defendant Life Insurance Company of North America with a Notice of Lawsuit and Request to Waive Service of a Summons by email to its counsel. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

BY: *\/s/ Damon R. Miller*
Damon R. Miller | VSB #98308
Benjamin W. Glass, III & Assoc., PC
3998 Fair Ridge Drive, #250
Fairfax, VA 22033
703-591-9829 phone | 703-783-0686 fax
dmiller@BenGlassLaw.com

*Counsel for Plaintiff*